11WOODARD, Judge.
This is a litigation over the costs incurred by an attorney, Mr. Randall L. Menard, a Law Corporation, in the representation and preparation for litigation on behalf of his client, Ms. Wendy Hyatt. The issue is whether a contingency fee agreement (the agreement) prevented Mr. Menard from recovering the expenses which he incurred, concerning his representation of Ms. Hyatt, in the absence of a judgment or settlement. Finding that the agreement clearly and unambiguously provides that Mr. Menard may only recover such costs out of a judgment or settlement, we affirm.
* * * ‡ *
On December 3, 1993, Ms. Hyatt was injured in a car accident. On December 16, 1993, she hired Mr. Menard to undertake her representation in a suit she filed against the City of Rayne, Louisiana. Mr. Menard and Ms. Hyatt discussed the terms of his representation, and he drafted a contract, which Ms. Hyatt signed. Thereafter, while preparing the case for trial, he incurred approximately $3,219.85 in various pretrial expenses. The trial court set the matter for trial. However, without the Hyatts’ knowledge, hearing dates were reset on several occasions. The record reflects, for example, that Ms. Hyatt attempted to attend a scheduled hearing in the City of Crowley. She and her husband sat in the courtroom for approximately two hours, waiting for Mr. Menard and her case to be called, but they left when neither of these two events occurred. She called Mr. Menard’s office from Crowley to determine what had happened, and he responded that “[it] was continued.”
Finally, nearly six years after the occurrence of the accident, which gave rise to this litigation, and unbeknown to Ms. Hyatt, the case was called for trial on August 25, 1999. Mr. Dave T. Johnson, Mr. Menard’s associate, left several messages at her home, but never reached her. As a result, Ms. Hyatt missed her trial date, and the trial court dismissed her case. However, Mr. Menard had failed to inform her of the new trial date. In May of 1999, she followed her husband to Philadelphia, Pennsylvania, where he had traveled for his employment as truck driver. Ms. Hyatt learned of her missed court date upon returning from her trip. At that time, her son told her that “a | ?Mr. Johnson called” for her. She called Mr. Menard and, only then, learned what had happened.
Thereafter, despite an obvious lack of success in this litigation due, in part to Mr. Menard’s failure, he sought to recover from the Hyatts the expenses which he incurred on their behalf in preparation for trial. The Hyatts refused payment on the ground that, under the agreement, he could only recover such expenses out of a possible settlement or judgment.
After a hearing held on May 17, 2000 where the Hyatts appeared self-represented, the trial court rendered judgment for them. Mr. Menard appeals.
The Agreement
First, Mr. Menard argues that he did not intend to make the costs incurred in Ms. Hyatt’s representation contingent upon an eventual award or settlement. He stated that immediately after signing the agreement, he informed Ms. Hyatt that she would be responsible for the expenses *910 incurred in her representation because of the unlikelihood that she would ultimately prevail. However, Ms. Hyatt explained that “[t]he agreement with the contract was: I got [sic] something he got [sic] something. If I got [sic] nothing, he got [sic] nothing. Because I told him to begin with, I didn’t have the money to drag this out forever. And, he knew it. He agreed.”
At the outset, turning to the contract’s actual terms, it provides, in relevant part, the following:
THEREFORE, in consideration of the legal services to be rendered by the said attorneys, Client does hereby assign and transfer to Attorneys an undivided one-third Qb) interest in and to Clients’ claim, proposed suit, and whatever may be recovered thereon, which shall be the Attorney’s fee.
[[Image here]]
The Attorney accepts said employment and hereby agrees to undertake the handling of said claim and, if necessary, to file suit and handle the suit of Client to a final adjudication. The Client does hereby agree to reimburse out of any settlement or judgment all necessary expenses and costs, including court costs, traveling expenses, hotel accommodations, meals investigation expenses, including costs of special investigator, long distance telephone calls, telegrams, costs of copying reports, and fees of experts as required in the investigation and | ¡¡prosecution of said claims. The Attorney is authorized to deduct his fee and all medical bills and expenses out of settlement or judgment.
(Emphasis added.)
Our civil code provides that the “[interpretation of a contract is the determination of the common intent of the parties.” [1] However, “[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.”[2] Additionally, parole evidence is not admissible to negate or vary the content of a contract,[3] unless, in the interest of justice, it is offered to show that “the written act was modified by a subsequent and valid oral agreement.”[4] However, it is not admissible to show a prior or contemporaneous agreement which varies the terms of the written contract.[5] Regarding the more specific fee agreements issue, contingency fee contracts, providing that the client bear the costs of litigation when there is no recovery, must be written in clear and unambiguous language, leaving no doubt as to their meaning.[6]
In the instant case, the contract clearly and unambiguously provides that medical bills and expenses shall be reimbursed out of a settlement or judgment, which he did not obtain. Further, Mr. Menard did not show the existence of a subsequent agreement, altering its terms. Accordingly, we find no merit in this assignment of error.
Contract Nullity
Next, Mr. Menard argues that the contract was dissolved under La.Civ.Code art. 1876; therefore, he is entitled to recover for the work which he did perform. We disagree.
|4Our civil code provides, in part, that “[w]hen the entire performance owed by one party has become impossible because of a fortuitous event, the contract is dissolved.” [7] The civil code also defines fortuitous event as “one that, at the time the contract was made, could not have been *911 reasonably foreseen.”[8] We find this article to be inapplicable to the circumstances sub judice. Indeed, the record reflects a serious lack of communication between the parties. The Louisiana State Bajr ARTICLES of Incorporation, Art. 16 Rules of Prof.Conduct, Rule 1.4, provides that:
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) The lawyer shall give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so.
(Emphasis added.) In the case sub judice, the record reveals a poor communication history between Mr. Menard and the Hyatts. On at least one instance, Ms. Hyatt presented herself to the court, when, unbeknown to her, the case had been reset. Simply, Mr. Menard had failed to inform her of that fact.
From the record on appeal, it appears that Ms. Hyatt’s case came up for trial approximately five years after the original trial date. Mr. Menard does not explain the steps, within his control, which he may have taken to ensure Ms. Hyatt’s presence in court in 1999. For instance, he does not explain the time period which lapsed between his awareness that the case would be called for trial and his communication to Ms. Hyatt. Accordingly, under the instant circumstances, we can hardly call Ms. Hyatt’s failure to attend trial “a fortuitous event.” Therefore, we find no merit in this claim, as well.
1 ^MANAGEMENT OF AFFAIRS
Mr. Menard claims that he is entitled to recover his expenses under the theory of Management of Affairs of La. Civ.Code art. 2292, which sets forth that “[tjhere is a management of affairs when a person, the manager, acts without authority to protect the interests of another, the owner, in the reasonable belief that the owner would approve of the action if made aware of the circumstances.” This argument comes within a hair of being frivolous. Clearly, Article 2292- only applies when the manager acts without authority. In the case sub judice, the agreement gave Mr. Menard full authority to incur expenses concerning Ms. Hyatt’s representation. Accordingly, Mr. Menard’s argument on this issue is meritless.
Finally, our resolution of the aforementioned issue pretermits the other assignments of error that Mr. Menard raised.
We affirm the trial court’s decision.
CONCLUSION
The contract, binding Mr. Menard and Ms. Hyatt, clearly reflects that Mr. Me-nard’s expenses were to be paid out of a settlement or judgment. The contract was not dissolved by Ms. Hyatt’s failure to attend her court date, and Mr. Menard is not entitled to recover his expenses under the theory of management of affairs when the parties were bound by contract. Accordingly, we affirm the trial court’s judgment and cast Mr. Menard with the costs of the appeal.
AFFIRMED.

. La.Code Civ.P. art.2045.

. La.Civ.Code art.2046.

. La.Civ.Code art. 1848.

. Id.

. Fleming Irrigation, Inc. v. Pioneer Bank & Trust Co., 27,262 (La.App. 2 Cir. 8/23/95); 661 So.2d 1035, writ denied, 95-2357 (La. 12/8/95); 664 So.2d 427.

. Coon v. Landry, 408 So.2d 262 (La.1981).

. La.Civ.Code art. 1876.

. La.Civ.Code art. 1875.